IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNAN WILKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFF MACOMBER, et al.,<br><br>    Defendants. | No. 2:16-CV-0475-TLN-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's first amended complaint (ECF No. 16). Plaintiff alleges Defendants violated his Eighth Amendment right against cruel and unusual punishment, his due process and equal protection rights under the Fourteenth Amendment, and his First Amendment right to the free exercise of religion.

**I. SCREENING REQUIREMENT AND STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff raises three claims in his first amended complaint. (1) Plaintiff alleges defendants Jeff Macomber, Kelly Harrington, and Timothy Lockwood violated his Eighth Amendment right against cruel and unusual punishment by knowingly allowing Plaintiff to be double celled. Plaintiff contends that the practice of double celling is itself a violation of the Eighth amendment as it poses hazards to inmates, exposes inmates to danger, and is inhumane. Plaintiff argues defendants Macomber, Harrington, and Lockwood were made aware of this and continued to allow Plaintiff to be double celled, thus violating his Eighth Amendment rights. In this same claim, Plaintiff raises an issue contending that double celling violates his right to

privacy by forcing him to disrobe and use the restroom in front of his cellmate. However, it is unclear if Plaintiff's argument is that of a Fourth Amendment violation or if he is alleging that having to disrobe and use the restroom in front of his cellmate constitutes cruel and unusual punishment—a violation of the Eighth Amendment. (2) Plaintiff alleges defendants Macomber, Harrington, Lockwood, B. Moore, and R. Ramirez violated his equal protection rights under the Fourteenth Amendment by housing him in a double cell rather than a single cell. Plaintiff further alleges defendant Orel David violated his equal protection rights by denying him access to Jewish services. Plaintiff contends that defendants Stewart, Macomber and Giannelli were aware of this denial and failed to take proper action, thus also violating his equal protection rights. (3) Plaintiff alleges defendants David, Stewart, Macomber, and Giannelli violated his First Amendment rights to religious practice by denying him access to Jewish services.

### III. ANALYSIS

#### A. Claim 1: Eighth Amendment and Privacy

Plaintiff alleges defendants Jeff Macomber, Kelly Harrington, and Timothy Lockwood violated his Eighth Amendment right against cruel and unusual punishment by knowingly allowing Plaintiff to be double celled. The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and

wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Plaintiff's argument here is largely based on the contention that the practice of double celling inmates is, on its own, a violation of the Eighth Amendment. However, double-celling inmates is not a per se constitutional violation. Rhodes v. Chapman, 452 U.S. 337, 348 (1981). In order to successfully litigate a section 1983 claim based on conditions of confinement, a prisoner must demonstrate that officials violated the Eighth Amendment by acting with deliberate indifference to the threat of serious harm or injury by another inmate. Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.1986).

While the Eighth Amendment can provide a basis for relief where prison officials are aware of the probability of an attack, prison officials, however, must have more than a mere suspicion that an attack will occur. Id. Plaintiff's pleadings, and the exhibits thereto in the form of letters to defendants Macomber, Lockwood and Harington, provide only generalized contentions that the cell conditions at issue *could* result in injury, for example, when plaintiff was compelled to jump to the floor from the upper bunk. While defendants were apparently made aware of plaintiff's contentions, there are no facts that indicate any of the above-mentioned defendants were aware of a specific threat of serious harm or injury to Plaintiff by his cellmate, nor are there facts that indicate any of the above-mentioned defendants were aware of a high probability of an attack on Plaintiff. Absent allegations supported by factual assertions to such a threat or probability of an attack Plaintiff's Eighth Amendment claim cannot proceed.

Plaintiff's privacy argument is unclear. The argument seems to stem from Plaintiff's Eighth Amendment claim. In which case he would be arguing that the "invasion of privacy"—having to be naked and use the restroom in the presence of his cellmate violate the Eighth Amendment. However, the citations provided by plaintiff discuss violations of the Fourth Amendment. Because it is unclear whether this issue is a connected issue to the above discussed Eighth Amendment claim or a separate Fourth Amendment claim, the Court is unable to identify a cognizable claim that can proceed and for that reason this claim cannot pass screening.

///

### B. Claim 2: Equal Protection

Plaintiff alleges defendants Macomber, Harrington, Lockwood, B. Moore, and R. Ramirez violated his equal protection rights under the Fourteenth Amendment by housing him in a double cell rather than a single cell. Specifically, Plaintiff argues that housing him in a double cell, while allowing others a single cell, is a violation of the equal protection clause of the Fourteenth Amendment. Plaintiff further alleges defendant Orel David violated his equal protection rights by denying him access to Jewish services. Plaintiff contends that defendants Stewart, Macomber and Giannelli were aware of this denial and failed to take proper action, thus violating his equal protection rights as well.

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Prisoners are protected from invidious discrimination based on race. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline. See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam). Prisoners are also protected from intentional discrimination on the basis of their religion. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). Equal protection claims are not necessarily limited to racial and religious discrimination. See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the disabled do not constitute a suspect class) see also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals where no allegation of race-based discrimination was made); Hightower v. Schwarzenegger, 2007 WL 732555 (E.D. Cal. March 19, 2008).[1]

///

///

---

[1] **Error! Main Document Only.**Strict scrutiny applies to equal protection claims alleging race-based or religious discrimination (i.e., where the plaintiff is member of a "protected class"); minimal scrutiny applies to all other equal protection claims. See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001).

5

In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

Looking first to Plaintiff's equal protection argument related to being double celled, Plaintiff has pleaded no facts indicating that he was placed in a double cell due to discrimination on the basis of a protected class. The only argument presented is that by denying Plaintiff a single cell because he did not have a history of cell violence is a violation of the equal protection clause of the Fourteenth Amendment because other EOP mental health prisoners were granted single cells. This argument does not state a cognizable claim. Simply because other EOP mental health prisoners were granted single cells while Plaintiff was not, is not a sufficient factual basis to support an equal protection claim. Plaintiff is required to plead facts indicating that the defendants discriminated against him. The facts pleaded do not indicate discrimination, rather they indicate that a rational penological reason for housing Plaintiff in a double cell—because he has no history of cell violence. For that reason, this is not a cognizable claim.

Turning now to Plaintiff's equal protection argument related to the denial of access to Jewish services. Plaintiff argues that he was denied access to Jewish services "solely because he was an EOP Mental Health prisoner." Plaintiff has pleaded sufficient facts for this claim to proceed past screening.

### C. Claim 3: First Amendment—Religious Practice

Plaintiff alleges defendants David, Stewart, Macomber, and Giannelli violated his first amendment rights to religious practice by denying him access to Jewish services. Plaintiff has plead sufficient facts for his First Amendment religious practice claim to continue past screening.

6

# IV. AMENDING THE COMPLAINT

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id. This means, in practical terms, if Plaintiff files an amended complaint he must not only cure the deficiencies identified in this order, but also reallege the cognizable claim(s) discussed in this Court's order

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

///
///
///
///
///
///
///

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff may file a second amended complaint within 30 days of the date of service of this order.

Dated: January 15, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE