IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, also known as Nerrah Brown,<br><br>Plaintiff,<br><br>v.<br><br>JEFF MACOMBER, et al.,<br><br>Defendants. | No. 2:16-CV-0475-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint (ECF No. 20).

On July 10, 2019, the court issued a screening order addressing plaintiff's second amended complaint. See ECF No. 21. The court summarized plaintiff's allegations as follows:

> Plaintiff raises six claims in his second amended complaint. (1) Plaintiff alleges Defendants Jeff MaComber, Kelly Harrington, and Timothy Lockwood violated his Eighth Amendment right against cruel and unusual punishment by knowingly allowing Plaintiff to be housed in a constitutionally inadequate double-cell. Plaintiff does not contend that the practice of double celling is itself a violation of the Eighth amendment, but asserts his particular double cell is unconstitutional. Specifically, Plaintiff alleges the conditions deprive him of privacy, forcing him to expose himself to his cellmate. Plaintiff claims the lack of a ladder is a safety hazard that has resulted in an injury to his shoulder. Plaintiff alleges he is forced to eat while his cellmate uses the toilet—creating an

1

> unsanitary living condition—and Plaintiff contends his cellmate is dangerous. Plaintiff argues Defendants MaComber, Harrington, and Lockwood were made aware of these deficiencies and continued to allow Plaintiff to be double-celled, thus violating his Eighth Amendment rights. (2) Plaintiff alleges Defendants MaComber, B. Moore, and R. Ramirez violated his equal protection rights under the Fourteenth Amendment by housing him in a double cell rather than a single cell. Plaintiff further alleges Defendant Orel David violated his equal protection rights by denying him access to Jewish services. Plaintiff contends that Defendants Stewart, MaComber, and Giannelli were aware of this denial and failed to take proper action, thus also violating his equal protection rights. (3) Plaintiff alleges Defendants David, Stewart, MaComber, and Giannelli violated his First Amendment rights to religious practice by denying him access to Jewish services. (4) Plaintiff alleges Defendants MaComber and Harrington violated his Fourth Amendment right to privacy by allowing him to be double-celled. Specifically, Plaintiff contends by forcing him to double cell he must expose himself to his cellmate when urinating, defecating, and bathing. (5) Plaintiff alleges Defendants David, Giannelli, and Stewart conspired against him, in violation of section 1985, to deny him equal protection to Jewish services because he was an EOP mental health prisoner. (6) Plaintiff alleges Defendants Stewart, MaComber, and Harrington, failed to act and protect him from the denial of Jewish services in violation of section 1986.

ECF No. 21, pg. 3.

The court concluded plaintiff alleged sufficient facts to proceed on the following: claim 1 against defendants Macomber, Harrington, and Lockwood; claim 2 against defendant David; and claim 3 against defendants David, Stewart, Macomber, and Giannelli. See id. at 4-6. The court explained the pleading deficiencies as to the remaining claims and defendants and provided plaintiff with 30 days within which to file a third amended complaint. See id. at 4-9. Plaintiff was also informed that the action would proceed on the second amended complaint should he decline to timely amend. See id. at 8-9. To date, plaintiff has not filed a third amended complaint.

Regarding claim 2, the court identified two claims under the Equal Protection Clause of the Fourteenth Amendment:

> Plaintiff alleges Defendants MaComber, B. Moore, and R. Ramirez violated his equal protection rights under the Fourteenth Amendment by housing him in a double cell rather than a single cell. Specifically, Plaintiff argues that housing him in a double cell, while allowing other EOP inmates a single cell, is a violation of the Equal Protection Cause of the Fourteenth Amendment. Plaintiff further alleges Defendant Orel David violated his equal protection rights by denying him access to Jewish services. Plaintiff contends that defendants Stewart, MaComber, and Giannelli were aware of this denial and failed to take

proper action, thus violating his equal protection rights as well.

ECF No. 21, pg. 4.

As stated above, the court found plaintiff's allegations against defendant David sufficient to pass screening. See id. at 4-6. As to plaintiff's equal protection claims against defendants Macomber, Moore, and Ramirez, the court stated:

> Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Prisoners are protected from invidious discrimination based on race. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline. See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam). Prisoners are also protected from intentional discrimination on the basis of their religion. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). Equal protection claims are not necessarily limited to racial and religious discrimination. See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the disabled do not constitute a suspect class) see also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals where no allegation of race-based discrimination was made); Hightower v. Schwarzenegger, 2007 WL 732555 (E.D. Cal. March 19, 2008). (footnote omitted).
>
> In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).
>
> Just as in his first amended complaint, Plaintiff has again failed to plead facts indicating that he was placed in a double cell due to discrimination on the basis of a protected class. The only argument presented is that by denying Plaintiff a single cell, because he did not have a history of cell violence, Defendants violated the Equal Protection Clause of the Fourteenth Amendment because other EOP mental health prisoners were granted single cells. This argument does not state a cognizable claim. Simply because other EOP mental health prisoners were granted single cells while Plaintiff was not, is not a sufficient factual basis to support an equal protection claim. Plaintiff is required to plead facts indicating that the defendants discriminated against him. The facts pleaded do not indicate discrimination, rather they indicate a rational penological reason

///

///

for housing Plaintiff in a double cell because he has no history of cell violence. For that reason, this is not a cognizable claim and amendment likely would be futile.

ECF No. 21, pgs. 4-5.

Regarding claim 4, the Court stated:

> The Fourth Amendment applies to the invasion of bodily privacy in prisons and jails. Bull, 595 F.3d at 974–75. "[I]ncarcerated prisoners retain a limited right to bodily privacy." Michenfelder, 860 F.2d at 333 (9th Cir. 1988). The United States Court of Appeals for the Ninth Circuit has long recognized that "[t]he desire to shield one's unclothed figure from view of strangers, and particularly strangers of the opposite sex, is impelled by elementary self-respect and personal dignity." York v. Story, 324 F.2d 450, 455 (9th Cir. 1963); see also Michenfelder, 860 F.2d at 333 (same). "The [Supreme] Court [has] obviously recognized that not all strip search procedures will be reasonable; some could be excessive, vindictive, harassing, or unrelated to any legitimate penological interest." Michenfelder, 860 F.2d at 332.
> Plaintiff claims that by being housed in a double cell, without privacy curtains or modesty protections, he is forced to expose himself to his cellmate and "wondering eyes." This, Plaintiff asserts, is a violation of his Fourth Amendment right to privacy. However, Plaintiff's allegations fail to state a Fourth Amendment claim. To the extent that the Ninth Circuit has recognized prisoner's Fourth Amendment privacy rights, it has been related to strip searches, particularly those in the presence of officials of the opposite sex. There is simply no right to the privacy for prisoners under the Fourth Amendment that requires shelter from "wondering eyes" or the placement of privacy curtains in inmates' cells—even when the cell in shared. For that reason, Plaintiff's Fourth Amendment claim cannot proceed and amendment would likely be futile.

ECF No. 21, pg. 6.

Regarding claim 5, the Court stated:

> Section 1985 proscribes conspiracies to interfere with an individual's civil rights. To state a cause of action under § 1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act done by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage, or deprivation of any right or privilege of a citizen of the United States. Gillispie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980); Giffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).
> The Ninth Circuit has held that a claim under § 1985 must allege specific facts to support the allegation that defendants conspired together. Karim-Panahi, 839 F.2d at 626. A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. Id.; Sanchez v. City of Santa Anna, 936 F.2d 1027, 1039 (9th Cir. 1991).

4

> Plaintiff simply asserts Defendants David, Giannelli, and Stewart conspired against him to "deny him equal protection to Jewish services due to being an EOP mental health prisoner." Though Plaintiff has alleged a violation of his Fourteenth Amendment equal protection rights in a different claim, Plaintiff does nothing in this claim to connect those alleged violations to a conspiracy against him. This claim lacks any degree of factual specificity and thus cannot proceed. Plaintiff will be provided leave to amend to allege additional facts, if such facts exist, related to the alleged conspiracy.

ECF No. 21, pgs. 6-7.

Finally, regarding claim 6, the Court stated:

> Plaintiff also brings a claim for failure to act or protect in violation of 42 U.S.C. § 1986. "Section 1986 provides a cause of action against anyone who has 'knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses so to do.'" Park v. City of Atlanta, 120 F.3d 1157, 1159–60 (11th Cir. 1997) (quoting 42 U.S.C. § 1986). "Section 1986 claims are therefore derivative of § 1985 violations." Park, 120 F.3d at 1160. "The text of § 1986 requires the existence of a § 1985 conspiracy." Id. Section 42 U.S.C. § 1986 provides a cause of action for damages for violation of section 1985. I.H. by & through Hunter v. Oakland Sch. for Arts, 234 F. Supp. 3d 987, 994 (N.D. Cal. 2017).
> Section 1986 is a derivative action related to a section 1985 violation. Because there are insufficient facts to establish a section 1985 violation, it necessarily follows there are insufficient facts to establish a section 1986 violation. For that reason, this claim cannot proceed. As Plaintiff is provided leave to amend his section 1985 claim, Plaintiff too will be given an opportunity to amend his section 1986 claim.

ECF No. 21, pgs. 7-8.

The court recommends dismissal of the remaining claims and defendants for the reasons stated in the July 10, 2019, order.[1]

///
///
///
///
///

---

[1] By separate order issued herewith, the Clerk of the Court will be directed to update the docket to reflect the following list of defendants: Jeff Macomber, Kelly Harrington, Timothy Lockwood, Orel David, Stewart, B. Moore, R. Ramirez, and Theresa Giannelli. The court will also direct plaintiff to submit documents necessary for service of process on defendants Macomber, Harrington, Lockwood, David, Stewart, and Giannelli.

Based on the foregoing, the undersigned recommends that:

1. Claim 2 against defendants Macomber, Moore, and Ramirez be dismissed;
2. Claim 4 be dismissed;
3. Claim 5 be dismissed;
4. Claim 6 be dismissed; and
5. Moore and Ramirez be dismissed as defendants to this action, which proceeds on plaintiff's second amended complaint against defendants Macomber, Harrington, Lockwood, David, Stewart, and Giannelli.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 24, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE