# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

KEENAN WILKINS,

    Plaintiff,

    v.

JEFF MACOMBER, et al.,

    Defendants.

No. 2:16-CV-0475-TLN-DMC-P

FINDINGS AND RECOMMENDATIONS

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 33) pursuant to 28 U.S.C. § 1915(g). For the reasons stated herein, the Court recommends that defendants' motion be denied.

        Title 28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that person is unable to pay such fees. Defendants request the Court revoke plaintiff's in forma pauperis status in accordance with the "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

>relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

When a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies. Dismissals for failure to exhaust available administrative remedies generally do not count as "strikes" unless the failure to exhaust is clear on the face of the complaint. See Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015). Dismissed habeas petitions do not count as "strikes" under § 1915(g). See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005). Where, however, a dismissed habeas action was merely a disguised civil rights action, the district court may conclude that it counts as a "strike." See id. at n.12.

According to the Ninth Circuit, the imminent danger exception to the three strikes rule applies at the initiation of the suit. See Andrews v. Cervantes, 493 F.3d 1047, 1055-7 (9th Cir. 2007) ("[T]he [three strikes rule] exception applies if . . . the prisoner faced 'imminent danger of serious physical injury at the time of filing.'"). In the original complaint, plaintiff alleged defendants violated his Eighth Amendment rights by housing him in a cell with unsafe conditions, including a bunk bed without a ladder and a dangerous cellmate. ECF No. 1 at 4-7. At the time plaintiff initiated the suit, he sufficiently alleged that he was under imminent danger of serious physical injury, and therefore plaintiff is exempt from the "three strikes rule" under § 1915(g).

Additionally, Andrews also holds that "a prisoner who alleges that prison officials continue with a practice that has injured him . . . meet[s] the imminence prong of the three-strikes exception." 493 F.3d at 1056-7. In the present case, plaintiff had sustained serious injury in December 2015 when plaintiff's cellmate landed on plaintiff while trying to leave the top bunk. See ECF No. 1 at 5. Plaintiff was told by a doctor that his shoulder might require surgery, and plaintiff continued to live under the same conditions afterwards, through filing the complaint. See id. Plaintiff's past injury and continued living in the unsafe conditions that led to injury meet

1    the "ongoing danger" standard that also substantiates the exception to the three strikes rule.

2          Defendants seek to revoke plaintiff's in forma pauperis status based on the second
3    amended complaint failing to allege plaintiff was still in imminent danger of serious physical
4    injury.  ECF No. 33-1 at 1. Defendants also argue that by the time plaintiff filed his second
5    amended complaint, he was imprisoned at a different facility from the one where the alleged
6    unconstitutional conditions existed.  Id. at 2 n.1.  Defendants attempt to reframe 28 U.S.C.
7    § 1915's applicability away from the initiation of the suit to the filing of plaintiff's second
8    amended complaint instead.  Since plaintiff sufficiently alleged that he was under imminent
9    danger of serious physical injury when he initiated the suit, the "three strikes rule" does not apply
10   to revoke his in forma pauperis status.

11         Based on the foregoing, the undersigned recommends that defendants' motion to
12   revoke plaintiff's in forma pauperis statues (ECF No. 33) be denied.

13         These finding and recommendations are submitted to the United States District
14   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen
15   days after being served with these findings and recommendations, any party may file written
16   objections with the court and serve a copy on all parties.  Such a document should be captioned
17   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
18   objections shall be filed and served within fourteen days after service of the objections. The
19   parties are advised that failure to file objections within the specified time may waive the right to
20   appeal the District Court's order.  Martinez v. Ylst, 951, F.2d 1153 (9th Cir. 1991).

22   Dated:  July 22, 2020

                       DENNIS M. COTA
                       UNITED STATES MAGISTRATE JUDGE