IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFF MACOMBER, et al.,<br><br>　　　　　Defendants. | No. 2:16-CV-0475-TLN-DMC-P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for appointment of counsel and modification discovery deadlines. ECF No. 42. The Court denies the motion for appointment of counsel but will extend discovery by 30 days.

　　　　The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017.  Neither factor is

dispositive, and both must be viewed together before reaching a decision. See id. In Terrell, the United States Court of Appeals for the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

Here, the exceptional circumstances warranting a request by the Court for voluntary assistance of counsel do not exist. Plaintiff contends that he requires counsel because of limited access to a prison law library and recent lockdowns due to the ongoing COVID-19 pandemic. ECF No. 42 at 2–3. He argues that he is unable to keep up with the discovery schedule and research contemporaneous court opinions. Id. The Court does not find these allegations exceptional. Review of the docket indicates that Plaintiff has been able to articulate his claims on his own. He has adequately followed various deadlines, including into 2020 as COVID-19 countermeasures began in state prisons. Further, at the present stage of the proceedings, the Court cannot say that Plaintiff has established a particular likelihood of success on the merits. Finally, Plaintiff alleges fairly straightforward constitutional violations, including Eighth Amendment cruel and unusual punishment claims and Equal Protection claims. See generally ECF No. 1. The factual and legal issues involved in this case are not particularly complex.

Considering Plaintiff's claims of recent and multiple medical lockdowns at the prison, however, the Court will extend the discovery deadline by 30 days. The parties may conduct discovery until February 18, 2021.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel is DENIED; and

2. Plaintiff's motion for a modification of the discovery schedule is GRANTED. The parties may conduct discovery for an additional 30 days, until February 18, 2021. All requests for discovery pursuant to Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45 shall be

///

served by this discovery cut-off date. Any motions necessary to compel discovery shall be filed within 60 from this cutoff date.

Dated:  December 18, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3