1
2
3
4
5
6
7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   KEENAN WILKINS, also known as                    No.  2:16-CV-0475-TLN-DMC-P
     Nerrah Brown,
12
                    Plaintiff,
13                                                     <u>ORDER</u>

14          v.

15   JEFF MACOMBER, et al.,

16                    Defendants.

17

18          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

19   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion to compel.  ECF No. 53.

20   Defendants have filed an opposition.  ECF No. 54.  Plaintiff has filed a reply.  ECF No. 56.

21

22                    **I.  SUMMARY OF DISCOVERY IN DISPUTE**

23          Though not outlined in Plaintiff's motion, the discovery in dispute and Plaintiff's

24   arguments relating thereto can be discerned from exhibits attached to Plaintiff's motion.

25   Plaintiff's exhibits are as follows:

26          Exhibit A          Request for production of documents nos. 1, 2, 3, and 4, set one,
                               directed to Defendant Macomber, dated October 7, 2020.  ECF
27                             No. 53, pgs. 5-8.

28   / / /

                                                1

| | Exhibit B | Request for production of documents nos. 1, 2, 3, 4, and 5, set one, directed to Defendant David, dated October 19, 2020. ECF No. 53, pgs. 9-11. |
|---|---|---|
| | Exhibit C | Defendant Macomber's responses dated November 24, 2020. ECF No. 53, pgs. 12-20. |
| | Exhibit D | Defendant David's responses dated December 7, 2020.  ECF No. 53, pgs. 21-26. |
| | Exhibit E | Plaintiff's meet and confer letter dated April 15, 2021.  ECF No. 53, pgs. 27-33. |

## II.  DISCUSSION

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute."  United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).  The Court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'"  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

/ / /

2

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action.  McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

"Relevance for purposes of discovery is defined very broadly."  Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998).  "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).  Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining, or supporting its objections."  Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

### A.   **Discovery Directed to Defendant Macomber**

At issue are Defendant Macomber's responses to Plaintiff's request for production nos. 1, 2, and 3.

#### 1.   Request for Production No. 1

Plaintiff seeks: "Incident reports and inmate grievances involving slips, falls, injuries and related matters associated with getting up/down from the top bunk in CSP-SAC cells between 2000 to 2020."  ECF No. 53, pg. 13.  Defendant objects to this request on the ground the request is compound, overbroad, over burdensome, and vague or ambiguous as to specific terms and phrases.  See id. at 13-15.

Defendant's objections are sustained.  As to scope, the request is overbroad and over burdensome in that it seeks "related matters associated with getting up/down from the top bunk," which could refer to an enormous universe of documents.  As to time, the request is overbroad in that it seeks documents over a span of 20 years, some of which are after the incident at issue in this case.  Moreover, the phrase "associated with" is vague in that it is not clear what is

1   being described.  Finally, the request is both overbroad and over burdensome because it seeks

2   documents related to any injury, whether related to the injuries sustained in this case or not.

3               2.      Request for Production No. 2.

4               Plaintiff asks Defendant Macomber to produce: "Incident reports and inmate

5   grievances involving rapes, attempted rapes, sexual assaults/batteries, attempted sexual/batteries

6   in CSP-SAC cells between 2000 to 2020."  ECF No. 53, pg. 15.  Defendant objects on the

7   grounds the request is vague and ambiguous, overbroad, and over burdensome.  See id. at 15-17.

8   Defendant also objects that the material sought is private.  See id.  Finally, Defendant objects on

9   the basis that the discovery sought is not relevant.  See id.

10              Defendant's objections are sustained.  The request is overbroad in the use of the

11   term "involving" because it describes a massive number of potentially responsive documents.

12   The Court also agrees that the information sought is confidential private information to the extent

13   responsive documents would disclose details of sexual assaults.  The Court also finds the

14   discovery sought is not relevant as none of the claims in this case involves an alleged sexual

15   assault.

16              3.      Request for Production No. 3

17              Plaintiff requests: "Incident reports and inmate grievances involving in-cell

18   murders and attempted murders at CSP-SAC from opening of the facility to October 2020."  ECF

19   No. 53, pg. 17.  Defendant objects on, among other bases, the ground that the discovery sought is

20   not relevant.  See id. at 17-18.  The Court agrees.  None of the claims in this case involves in-cell

21   murders or attempted murders.

22              4.      Request for Production No. 4

23              In request for production no. 4, Plaintiff asks for the following documents:

24   "Incident reports and inmate grievances involving in-cell fights, assaults, batteries, and any/all

25   violence between cell mates at CSP-SAC between 2000 to 2020."  ECF No. 53, pg. 18.

26   Defendant objects on, among other bases, the ground that the discovery sought is not relevant.

27   See id. at 18-19.  The Court agrees.  None of the claims in this case involves in-cell fights,

28   assaults, batteries, or violence.  Further, the extended period of time at issue in this request calls

1    for a response that would be burdensome to produce.

2          **B.      <u>Discovery Directed to Defendant David</u>**

3                At issue are Defendant David's responses to Plaintiff's request for production nos.

4    1, 2, 3, 4, and 5.

5                      1.      <u>Request for Production No. 1</u>

6                Plaintiff requests: "CDCR and/or CSP-SAC official duty statement for Chaplin

7    David at the time/date of hire at CSP-SAC."  ECF No. 53, pg. 22.  Defendant objected and

8    produced responsive documents.  <u>See id.</u> at 23.  Plaintiff does not in his motion to compel his or

9    meet-and-confer letter establish any reasons to order further responses.

10                     2.      <u>Request for Production No. 2.</u>

11               Plaintiff seeks the following documents: "Schedule for all Jewish services

12   conducted by Defendant David at CSP-SAC from 2015 January to June 2016 (Dates, Times,

13   Location, etc.)."  ECF No. 53, pg. 23.  Defendant objected and stated that no responsive

14   documents exist.  <u>See id.</u>  Plaintiff does not in his motion to compel or meet-and-confer letter

15   establish any reasons to order further responses.

16                     3.      <u>Request for Production No. 3</u>

17               In this request, Plaintiff asks for production of the following: "Official policy and

18   procedures at CSP-SAC for inmates to attend Jewish serviced from January 2014 to June 2016."

19   ECF No. 53, pg. 24.  Defendant objected and produced responsive documents.  <u>See id.</u>  Plaintiff

20   does not in his motion to compel or meet-and-confer letter establish any reasons to order further

21   responses.

22                     4.      <u>Request for Production No. 4</u>

23               Plaintiff seeks: "Attendance logs for all Jewish services attended by Plaintiff from

24   April 2014 to June 2016."  ECF No. 53, pg. 24.  Defendant objected and stated that no responsive

25   documents exist.  <u>See id.</u> at 24-25.  Plaintiff does not in his motion to compel or meet-and-confer

26   letter establish any reasons to order further responses.

27   / / /

28   / / /

1        5.       Request for Production No. 5

2            Plaintiff seeks: "Any official or unofficial policy disallowing EOP mental health

3   inmates from attending Jewish services on B yard from April 2014 to June 2016 at CSP-SAC."

4   ECF No. 53, pg. 25.  Defendant objected and produced responsive documents.  See id. at 25-26.

5   Plaintiff does not in his motion to compel or meet-and-confer letter establish any reasons to order

6   further responses.

7

8                              **III.  CONCLUSION**

9            Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to compel, ECF

10  No. 53, is denied.

11

12  Dated:  February 11, 2022

13                                    _____
                                      DENNIS M. COTA
14                                    UNITED STATES MAGISTRATE JUDGE