**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

KEENAN WILKINS, also known as Nerrah Brown,

    Plaintiff,

  v.

JEFF MACOMBER, et al.,

    Defendants.

No. 2:16-CV-0475-TLN-DMC-P

ORDER

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' motion, ECF No. 57, to sever improperly joined claims and/or parties. Defendants contend Plaintiff's Eighth Amendment claims and religious practice claims, each asserted against numerous defendants, should be severed based on improper joinder pursuant to Federal Rule of Civil Procedure 20.

        Federal Rule of Civil Procedure 18(a) limits the joinder of claims, whereas Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit. Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Rule 20(a)(2) states: "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Courts have recognized that when multiple parties are named, the analysis under Rule 20 precedes that under Rule 18. See Herndon v. Mich. Dep't of Corr., 2021 WL 1559156 at *2 (W.D. Mich. April 12, 2021).

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18 . . . .
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

Id. (citing 7 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1655 (3d ed. 2001), quoted in Proctor v. Applegate, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), and Garcia v. Munoz, No. 08-1648, 2008 WL 2064476, at *3 (D.N.J. May 14, 2008); see also United States v. Mississippi, 380 U.S. 128, 142–43 (1965)).

Permissive joinder under Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1997). The purpose of Rule 20 is to address the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). Rule 20 sets forth two specific requirements for permissive joinder: "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action." Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980) (citing League to Save Lake Tahoe, 558 F.2d at 917).

///
///
///

As to the first requirement, courts assess the facts of each case individually to determine whether joinder is sensible in light of the underlying policies of permissive party joinder. Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). "The 'same transaction' requirement of Rule 20 refers to 'similarity in the factual background of a claim; claims that arise out of a systematic pattern of events' and have a 'very definite logical relationship.'" Hubbard v. Hougland, 2010 WL 1416691, at *7 (E.D. Cal. Apr. 5, 2010) (quoting Bautista v. Los Angeles County, 216 F.3d 837, 842-843 (9th Cir. 2000)). Additionally, "the mere fact that all [of a plaintiff's] claims arise under the same general law does not necessarily establish a common question of law or fact." Coughlin, 130 F.3d at 1351.

As to the second requirement, commonality under Rule 20 is not a particularly stringent test. See Johnson v. Shaffer, 2013 WL 140115, at *2 (E.D. Cal. Jan. 10, 2013) (citing Bridgeport Music, Inc. v. 11 C Music, 202 F.R.D. 229, 231 (M.D. Tenn. 2001)). The Rule requires only a single common question, not multiple common questions. Fed. R. Civ. P. 20 ("any question of law or fact common to . . ."). "The common question may be one of fact or of law and need not be the most important or predominant issue in the litigation." Johnson, 2013 WL 140115, at *2 (citing Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)). And even if a court finds that the requirements have been met, "a district court must examine whether permissive joinder would 'comport with principles of fundamental fairness' or would result in prejudice to either side." Coleman v. Quaker Oats Company, 232 F.3d 1271, 1296 (9th Cir. 2000) (citing Desert Empire Bank, 623 F.2d at 1375 (finding that the district court did not abuse its discretion when it severed certain plaintiff's claims without finding improper joinder)).

Under Rule 20(b), the district court may sever claims or parties in order to avoid prejudice. Fed. R. Civ. P. 20(b). Courts have also exercised their discretion to sever where "[i]nstead of making the resolution of [the] case more efficient . . . joinder would instead confuse and complicate the issues for all parties involved." Rodriguez v. Tilton, 2013 WL 1163796, at *6 (E.D. Cal. Mar. 20, 2013) (quoting Wynn v. Nat'l Broad. Co., 234 F. Supp. 2d 1067, 1088 (C.D. Cal. 2002) (finding that even where Rule 20 requirements for joinder are satisfied, the court may exercise its discretion "to sever for at least two reasons: (1) to prevent jury confusion and judicial

inefficiency, and (2) to prevent unfair prejudice to the [defendants]")) (citing Coleman, 232 F.3d at 1350).

In their motion to sever, Defendants contend generally:

> . . . Wilkins alleges that he was subjected to unconstitutional living conditions in the cell in which he was housed while at CSP-Sacramento from April 2014 to his transfer in June 2016. Separately, Wilkins alleges that, from May 2015 until April 2016, while housed at CSP-Sacramento, he was denied equal access to Jewish religious services because of his participation in the Enhanced Outpatient Mental Health program. In that same vein, Wilkins alleges that, from the time of his arrival at CSP-Sacramento until his transfer in June 2016, he was denied access to Jewish services, despite his numerous requests and inmate grievances.
> Wilkins' allegations regarding these two disparate events do not arise out of the same transaction or occurrence and there are no common questions of law or fact shared by the two events. For these reasons, Plaintiff has misjoined the Defendants, and the Court should sever the Defendants involved in the Eighth Amendment living conditions claim from the Defendants involved in the equal protection and religious practice claims. (footnote 1 omitted).

ECF No. 57-1, pgs. 1-2.

More specifically, Defendants allege they will suffer prejudice absent an order severing Plaintiff's claims. According to Defendants:

> Here, as presently comprised, a jury will hear allegations that Wilkins was housed in an unsafe cell with no privacy, the ever-present threat of harm from potentially violent cellmates, unsanitary conditions, and inadequate amenities—conditions all known to, and ignored by, the then-serving warden, Defendant Macomber, and two other ranking CDCR officials, Defendants Harrington and Lockwood. In the same case, the jury will hear allegations that Wilkins was denied access to Jewish services by CDCR personnel at CSP-Sacramento due to his EOP status, which is to say, due to his mental health condition. The jury will hear further allegations that, despite his repeated requests and inmate appeals, Wilkins was denied access to Jewish services by those same CDCR personnel at CSP-Sacramento—Defendants Macomber, David, Stewart, and Giannelli.
> In a single trial, a jury will be required parse out Plaintiff's distinct claims against numerous and unrelated defendants. All of these defendants are employed by CDCR, and there is a substantial risk that, by virtue of the fact that all of Plaintiff's allegations arise from the same institution, the fact finder may infer liability by association without more, even though these claims are legally and factually discrete and require individualized determinations. The risk of substantial prejudice weighs heavily against any judicial economy that may be had by keeping these Defendants joined in the same action. *See Funtanilla v. Tristan,* No. 1:02-cv-06001-OWW-GSA-PC, 2010 WL 1267133, at \*7-8 (E.D. Cal. March 30, 2010).

ECF No. 57-1, pg. 8.

1    In evaluating Defendants' motion, the Court notes the procedural posture of this case. Specially, with the exception of Plaintiff's pending motion to compel, which will be addressed separately, and any limited additional discovery which be permitted by the court's ruling thereon, discovery is closed and a dispositive motion filing deadline has been set. See ECF No. 59. Additionally, the docket reflects that since appearing in the action with their answer filed on September 17, 2020, Defendants did not raise the issue of misjoinder until the date set for the close of discovery – June 21, 2021. See ECF No. 57 (Defendants' motion to sever, filed on June 21, 2021); see also ECF No. 51 (order modifying schedule).

The record thus reflects that Defendants have been able to conduct discovery without prejudice due to misjoinder which would warrant Court intervention. Indeed, Defendants do not by way of the pending motion argue any prejudice related to pre-trial preparations, including dispositive motions. Rather, Defendants complain exclusively of potential prejudice at trial. Federal Rule of Civil Procedure 20, under which Defendants' motion to sever is brought, the Court may permit separate trials to protect against prejudice which may result from misjoinder. See Fed. R. Civ. P. 20(b). Given that Defendants' objections relate to trial, the Court will deny Defendants' current motion to sever, which proceeds under Rule 20, without prejudice to renewing their arguments in the context of a motion for separate trials under Federal Rule of Civil Procedure 42(b) made at such time as the Court may direct submission of trial readiness status reports.

Accordingly, IT IS HEREBY ORDERED that Defendants' motion to sever, ECF No. 57, is denied without prejudice.

Dated:  February 11, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE