IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEENAN WILKINS, also known as Nerrah Brown,

    Plaintiff,

v.

JEFF MACOMBER, et al.,

    Defendants.

No. 2:16-CV-0475-TLN-DMC-P

ORDER

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion, ECF No. 91, for leave to amend.

       This action currently proceeds on Plaintiff's second amended complaint. See ECF No. 20. Plaintiff seeks leave to file a third amended complaint to add a new claim of retaliation against Defendant Orel David. See ECF No. 91. Plaintiff separately filed a document entitled "Amendment to Complaint" with his motion. See ECF No. 90.

       The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule

1

12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B).  In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2).

Here, Plaintiff's motion has been filed well beyond the permissive time to amend as of right.  Defendants answered the second amended complaint on September 17, 2020.  Discovery has closed and Defendants filed a motion for summary judgment on May 16, 2022, which is pending.  Therefore, Plaintiff requires leave of Court to amend.

Where leave of court to amend is required and sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Considering the foregoing factors, the Court finds that leave to amend is not warranted.  First, granting leave to amend is not in the interest of judicial economy as this matter is now ready for potential resolution on summary judgment and amendment would only serve to thwart a speedy resolution of the entire controversy.  Second, there was a delay in seeking leave to amend. Discovery in this action closed on June 21, 2021.  See ECF No. 51.  And, as noted above, Defendants have filed a motion for summary judgment.  See ECF No. 68.  Plaintiff states in the current motion that his new retaliation claim is based on arguments and evidence presented by Defendants in the context of their summary judgment motion.  If so, then Plaintiff would have known about the retaliation claim at the latest upon the close of discovery in 2021.  Plaintiff provides no explanation for the delay until December 2022 to file the current motion for leave to amend.  Third, to the extent summary judgment is denied, allowing amendment at this stage of the proceeds would delay any trial on the merits.  Finally, allowing amendment after Defendants

2

have already fully briefed their motion for summary judgment would result in prejudice to them as an amended operative pleading would render all current work essentially moot and a waste of time and resources.

Where a party files an amended complaint without the right to do so, it is properly stricken by the Court. See, e.g., Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167, 1181 (E.D. Cal. 2011) (striking fourth amended complaint: "If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect."); Sexton v. Spirit Airlines, Inc., Case No. 2:21-cv-00898-TLN-AC, 2022 WL 976914 (E.D. Cal. March 31, 2022) (striking amended complaint); Guthrie v. Hurwitz, Case No. 1:18-cv-00282-AWI-BAM, 2018 WL 4005261, at *1 (E.D. Cal. Aug. 20, 2018) (striking amended complaint). To the extent Plaintiff's "Amendment to Complaint" can be considered an amended complaint, it will be stricken as improperly filed.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion, ECF No. 91, for leave to amend is denied. Plaintiff's filing at ECF No. 90 is stricken. The Court will rule on all other pending motions separately.

Dated:  December 29, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3